UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JONATHAN LEWIS,

    Plaintiff,

v.                                                        Case No. 4:20cv300-WS-HTC

FDOC,

    Defendant.

_____/

## ORDER AND REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's handwritten complaint (ECF Doc. 1), Emergency Motion for a Temporary Restraining Order Then Preliminary Injunction (ECF Doc. 4), and motion for extension of time (ECF Doc. 12). This matter has been referred to the undersigned magistrate judge for report and recommendation. Upon consideration, the undersigned recommends that this action be DISMISSED without prejudice because Plaintiff has filed at least three (3) cases under the Prison Litigation Reform Act ("PLRA") that have been dismissed for a reason set forth in 28 U.S.C. § 1915(g), and Plaintiff did not submit a filing fee when he initiated this action. Additionally, Plaintiff has not set forth any allegations sufficient to warrant extraordinary relief.

## I.     PLAINTIFF IS A 3-STRIKER

Plaintiff initiated this action on or about June 5, 2020 by filing a handwritten complaint that was not legible. ECF Doc. 1. From what the Court can discern, it appears that Plaintiff is alleging a variety of misdeeds by the employees at the Broward County Jail relating to theft of settlement proceeds. He also filed a motion for leave to proceed *in forma pauperis* without an inmate account statement, which the Court denied without prejudice to refiling. ECF Docs. 3, 7. Plaintiff was given an opportunity to file an amended complaint and an amended motion to proceed *in forma pauperis*, but he failed to do so. ECF Doc. 7. Instead, *after* the expiration of those deadlines, Plaintiff filed a motion for extension seeking to have the Court send him a copy of all documents he has filed. ECF Doc. 12.

In the interim, the Court conducted an independent review of Plaintiff's litigation history and finds that Plaintiff is barred from proceeding in this action *in forma pauperis* under 28 U.S.C. § 1915(g). That section of the PLRA specifically provides as follows:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit. *See Vanderberg v. Donaldson*, 259 F.3d 1321,

1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The Court takes judicial notice that Plaintiff has filed the following matters, which were dismissed for failure to state a claim or as frivolous:[1]

- *Lewis v. Sec'y,* 2:10-CV-547-FTM-29, 2013 WL 5288989 (M.D. Fla. Sept. 19, 2013)

- *Lewis v. Pepsi Cola Bottling Co., et al.,* Case No. 11-61243-CV-Dimitrouleas (S.D. Fla. July 11, 2011)

- *Lewis v. Sec'y, Fla. Dept. of Corr., et al.,* No. 13-11054-A (11th Cir. May 8, 2013)

- *Lewis v. Fla. Dept. of Corr., et al.,* 3:14-cv-383-MCR-HTC (N.D. Fla. May 17, 2015) (dismissed for failure to prosecute or follow a court's orders, appeal dismissed as frivolous, appeal no. 15-12929)

---

[1] The undersigned has not conducted an exhaustive search to identify *all* matters that have been filed by Lewis and, since he did not use the Court's complaint form, Lewis had not disclosed his prior litigation history to the Court. Thus, there may be other actions that have been filed by Lewis, which also qualify as a "strike."

Additionally, the Court takes judicial notice that the Southern District of Florida and this District have previously recognized that Plaintiff is a 3-striker under § 1915(g).[2] *See Lewis v. Tony et al.,* 19-61431-CV-BLOOM (dismissing action under § 1915(g)); *Lewis v. Broward County Sheriff's Office*, 19-62715-CV-UNGARO (S.D. Fla. Dec. 20, 2019) (same); *Lewis v. Scott*, 4:16-cv-715-MW/CAS, 2017 WL 2569608 (N.D. Fla. May 9, 2017) (same); *Lewis v. Fla. Dep't of Corr., et al.*, 17-cv-00329-LC (N.D. Fla. June 21, 2017) (same).

Because Plaintiff is a three-striker, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff has not made such a showing. From what the Court can decipher from Plaintiff's complaint, Plaintiff appears to allege that officials at the Broward County Sheriff's Office or Florida Department of Corrections "stole" some settlement money he had coming to him. Additionally, while Plaintiff's complaint also includes disjointed claims of alleged excessive force and retaliation, they appear to relate to matters that occurred in the past – in 2017.

Such allegations are insufficient to establish imminent harm. *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) ("a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed

---

[2] *See* Fed. R. Evid. 201(b)-(c); *see also United States v. Rey*, 811 F.2d 1453, 1457, n. 5 (11th Cir. 1987) ("a court may take judicial notice of its own records").

*in forma pauperis* pursuant to the imminent danger exception to the statute"); *see also Brown*, 387 F.3d at 1349 (finding that the imminent danger exception to § 1915(g) requires "a present imminent danger, as opposed to a past danger"). Plaintiff is not entitled to proceed *in forma pauperis* under the imminent danger exception to § 1915(g).

Because Plaintiff has had three (3) or more strikes under 28 U.S.C. § 1915(g), has not established imminent danger, and filed this action without paying the filing fee, "the proper procedure is for the district court to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).

## II.   THE MOTION FOR TRO SHOULD BE DENIED

Furthermore, because the complaint should be dismissed, the emergency motion for temporary restraining order and then injunction should be denied as moot. Alternatively, the motion should be denied without prejudice on the merits.

The grant or denial of a temporary restraining order or a preliminary injunction "is a decision within the discretion of the district court." *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)).  In determining whether a temporary restraining order or preliminary injunctive relief should be granted, the Court considers whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the

relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citations omitted).

Here, Plaintiff has not established a substantial likelihood of success on the merits because he is a 3-striker. Moreover, from what the undersigned can decipher in Plaintiff's motion, the motion is nonsensical and makes conclusory and vague claims. For example, Plaintiff claims that the FDOC sent paperwork to the jail for Plaintiff to sign to settle the 2018 case, but that they did it in a "sneaky manner" so the settlement was only for $10,000 when Plaintiff really wants at least $50,000. He contends "the people on the street," and whoever cashed the settlement check, "need to be arrested." As relief, Plaintiff asks that "if" the FDOC really wants to settle with him, they should do so at his jail, send all the paperwork to Plaintiff by certified mail, or conduct a telephone meeting with him so the Broward County Sheriff's Office does not tamper with the settlement money. Plaintiff has not shown an entitlement to extraordinary relief.

Accordingly, it is ORDERED that, Plaintiff's motion for extension of time (ECF Doc. 12) is DENIED.

Additionally, it is RECOMMENDED that:

1. This case be dismissed without prejudice under 28 U.S.C. § 1915(g).

2. Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (ECF Doc. 4) be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 10th day of August, 2020.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.