UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JONATHAN LEWIS,

    Plaintiff,

v.                                            Case No. 4:20cv300-WS-HTC

FDOC,

    Defendant.

_____/

REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion to Reopen Case. ECF Doc. 32. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon consideration, the undersigned respectfully recommends the motion be DENIED.

**I.    BACKGROUND**

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC"), currently incarcerated in Broward County Jail. Plaintiff initiated this action on or about June 5, 2020, by filing an illegible handwritten complaint. ECF Doc. 1. From what the Court could discern, Plaintiff was alleging a variety of misdeeds by the employees at the Broward County Jail relating to theft of settlement proceeds. He

also filed a motion for leave to proceed *in forma pauperis* without an inmate account statement, which the Court denied without prejudice to refiling. ECF Docs. 3, 7. Plaintiff was given an opportunity to file an amended complaint and an amended motion to proceed *in forma pauperis*, but he failed to do so. ECF Doc. 7. Instead, *after* the expiration of those deadlines, Plaintiff filed a motion for extension seeking to have the Court send him a copy of all documents he had filed. ECF Doc. 12.

In the interim, the Court conducted an independent review of Plaintiff's litigation history and determined Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). On August 10, 2020, the undersigned issued a report and recommendation for dismissal because Plaintiff had three (3) or more strikes under 28 U.S.C. § 1915(g), did not establish imminent danger, and filed this action without paying the filing fee. ECF Doc. 15. The District Judge adopted the report and recommendation, and the case was dismissed. ECF Doc. 22. Plaintiff appealed the dismissal, ECF Doc. 25, and filed a motion for leave to appeal *in forma pauperis*, ECF Doc. 24.

In the motion for leave to appeal *in forma pauperis*, Plaintiff asserted he could not submit the required six-month, inmate account statement "because the document is fraudulent." *Id.* at 1. Consequently, the District Judge denied the motion, noting the "appeal [was] NOT taken in good faith and Plaintiff is NOT entitled to proceed on appeal *in forma pauperis*." ECF Doc. 28 at 2. On November 10, 2020, the

Eleventh Circuit issued its mandate, dismissing the appeal for lack of prosecution because Plaintiff failed to pay the filing and docketing fees. ECF Doc. 31. (The appeal was assigned case number 20-13892-E.)

## II. THE INSTANT MOTION

Plaintiff now asks for the Court to reopen the case or "amend/supplement" the order so he can appeal *in forma pauperis*. ECF Doc. 32 at 2. Like many of Plaintiff's filings, the motion is handwritten, difficult to read, and mostly nonsensical. Plaintiff begins the motion by stating he initiated this action based on fraudulent activity taking place in the Broward County Jail. *Id.* at 1. Plaintiff then appears to take issue with the District Judge's denial of his motion to appeal *in forma pauperis* due to Plaintiff's failure to provide a six-month financial statement. *Id.* From here, Plaintiff transitions to random allegations regarding retaliation, "BSO" stealing "paperwork" so that it could acquire Plaintiff's funds, and the coerced signing of a "no sue agreement." *Id.* at 1-2. Plaintiff alleges these incidents are related to state and federal court cases, and he asks this Court to take "judicial notice of them after reviewing what they are about." *Id.* at 1.

Next, Plaintiff directs the Court to "look at the cases [he] was granted leave to appeal," stating that a judge granted him leave "but didn't expressly state [he] was under imminent danger . . . ." *Id.* He then alleges an apparent conspiracy to keep him quiet, along with more allegations about jail employees stealing his money and

paperwork, noting that "they afraid of [Plaintiff] exposing them to the world." *Id.* Within this conspiracy, Plaintiff appears to assert that various judges, state attorneys, and public defenders are in cahoots to hold him in jail because of "this lawsuit." Plaintiff complains that "no lawsuit or potential lawsuit is suppose [sic] to curtail [his] freedom," and this "is the main reason for imminent danger." *Id.* at 2. Plaintiff explains he will appeal the denial of the *in forma pauperis* motion and will "raise [this] imminent danger" as well as the requirement he provide an inmate account statement, which he again refers to as a fraudulent document. *Id.*

Plaintiff then circles back to the conspiracy to keep him in jail, alleging the "mayor," and, apparently, even federal judges in this District, are participating in the conspiracy. *Id.* Plaintiff concludes by asserting, in conclusory fashion, "they" are paying "inmates to watch" him, noting that "the minute the money stop," the inmates are "on call" to jump him. *Id.*

## III. RULE 60

Although titled as a motion to reopen the case, Plaintiff's motion, at best, is a motion under Federal Rule of Civil Procedure 60 for relief from an order or judgment. Fed. R. Civ. P. 60. Under Rule 60, there are six (6) bases on which a court may vacate a judgment. Those bases are (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).  A Rule 60 motion must be brought within a reasonable time, and if it is based on grounds 1–3, it must be brought no more than one year after judgment.  Fed. R. Civ. P. 60(c)(1).

In Plaintiff's motion, he does not set forth facts or allegations sufficient to support any of the above bases.  Plaintiff's case was dismissed because he is a 3-striker who failed to pay the filing fee or establish imminent danger.  That judgment of dismissal was not based on fraud or mistake.  The judgment is not void.  Also, Plaintiff has not pointed to any newly discovered evidence.  Instead, Plaintiff simply reiterates allegations that are already in the record, that relate to separate state and federal lawsuits which have nothing to do with the claims in this case, or that are wholly conclusory.

Finally, to the extent Plaintiff seeks to rely on the catchall provision in Rule 60(b)(6), his reliance would be misplaced.  "Relief from judgment under Rule 60(b)(6) . . . requires showing extraordinary circumstances justifying the reopening of a final judgment."  *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (quotation marks omitted).  No such extraordinary circumstances exist here that would warrant altering the judgment.  Plaintiff has simply not set forth any basis for the relief he seeks.

## IV. CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Motion to Reopen Case (ECF Doc. 32) be DENIED.

At Pensacola, Florida, this 28th day of December 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days of the date of this report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**